**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KELLEY L. STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  CIV-07-0745-F |
| | ) |
| MARY E. PETERS, Secretary of Transportation, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant originally moved to dismiss this action under Rule 12(b)(6), Fed. R. Civ. P. (Doc. no. 17.) Plaintiff Kelley Stevens responded to the motion, and the defendant replied. The court then converted the motion to a motion for summary judgment to be determined under the standards of Rule 56, Fed. R. Civ. P. The parties have been given notice of the conversion and an opportunity to supplement the record, which they have done. Accordingly, the briefing is complete and the motion is ready for determination.

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record, including the pleadings, shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact

exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Plaintiff asserts employment discrimination and retaliation claims (referred to simply as discrimination claims in the balance of this order), which the complaint alleges have previously been the subject of a settlement agreement between plaintiff and the Department of Transportation (the Department). The complaint alleges that at all times relevant to this action plaintiff was an employee of the Department at the Federal Aviation Administration logistics center. The complaint alleges plaintiff complained to the Department that it had breached the settlement agreement pertaining to her claims, but that the Department determined it had complied with the settlement agreement. The complaint alleges that plaintiff then appealed that determination to the Department to the Office of Federal Operations (OFO) of the Equal Employment Opportunity Commission (the Commission), and that the OFO subsequently issued a decision finding that the Department had, in fact, breached the settlement agreement (the OFO decision). These allegations are not in dispute.

It is also undisputed that the OFO decision found that the Department had breached the settlement agreement previously entered into by the parties, and ordered specific implementation of that settlement agreement. Specifically, the OFO decision ordered the Department not to assign plaintiff work as a customer assurance specialist

in the customer care center but to assign her, instead, to the position of program analyst in the quality systems group. (Doc. no. 17, ex. 1, 2.)

This action does not seek to enforce the settlement agreement. This action does not allege that the Department failed to comply with the OFO decision, and this action does not seek to enforce the terms of the OFO decision in plaintiff's favor. Nevertheless, the parties' supplemental filings show there is a genuine issue as to whether or not the Department has, in fact, complied with the terms of the OFO decision. In that regard, plaintiff's affidavit states that, following the OFO decision, although "[t]he Agency had not placed me back in the CCC; ...it was not assigning me the duties of my position as a Program Analyst in the QSG." The affidavit gives specific examples. The affidavit then states, "I decided to file a civil action on the underlying complaints since...I had not even received the lesser entitlements I was to receive under the settlement agreement." (Aff. at doc. no. 26, ex. 1, pp. 405.)

After careful consideration of the regulatory scheme (including 29 C.F.R. §1614.407(c), which authorizes a complainant to file a civil action within 90 days of the Commission's final decision on appeal), and after careful consideration of the OFO's own interpretation of that regulatory scheme as it was described to plaintiff in the OFO decision itself (*see* doc. no. 17, ex. 2, p. 3, explaining that if the agency does not comply with the OFO decision a complainant may administratively enforce Commission's order or file suit on her underlying complaint),[1] the court concludes

---

[1] The paragraph of the OFO decision entitled "Implementation of the Commission's Decision" states as follows. "*If the agency does not comply with the Commission's order*, the *complainant may petition the Commission for enforcement of the order.* 29 C.F.R. § 1614.503(a). *The complainant also has the right to file a civil action to enforce compliance with the Commission's order* prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). *Alternatively, the complainant has the right to file a civil action on the underlying complaint* in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§1614.407 and 1614.408. A civil action for enforcement

(continued...)

that the Department's compliance or non-compliance with the terms of the OFO decision which ordered specific implementation of the settlement agreement has now been put in issue and that this disputed material fact precludes relief on defendant's motion.

Additionally, however, the court advises the parties that its consideration of the issues briefed, especially the proper interpretation of 29 C.F.R. § 1614.504(a) and (c), causes it to conclude that plaintiff will not be entitled to reach the merits of her underlying discrimination claims at trial unless she can establish that the Department did not, in fact, comply with the OFO decision ordering specific implementation of the settlement agreement. As explained in the OFO decision, a complainant has the right to file suit on the underlying discrimination claims, "[i]f the agency does not comply with the Commission's order." (Doc. no. 17, ex. 3, p. 3.) The court agrees with this statement. However, the court also agrees with Department's position that when a complainant pursues relief from a federal employer for noncompliance with a Title VII settlement, § 1614.504(a) and (c) allow only alternative remedies, that is to say, *either* an order from the Commission specifically implementing the settlement agreement *or* an order reinstating the underlying discrimination claims for further processing.[2] The court also agrees with the Department that in such proceedings the decision as to which remedy is more appropriate is left to the Commission.

---

[1](...continued)
or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. § 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See*, 29 C.F.R. § 1614.409." (Emphasis added.)

[2]Section 1614.504(c) states: "[i]f the Commission determines that the agency is not in compliance and the noncompliance is not attributable to acts or conduct of the complainant, it may order...compliance [with the settlement agreement] or it may order that the complaint be reinstated...."

Here, the Commission ordered implementation of the settlement agreement, not reinstatement. Thus, but for the disputed issue regarding the Department's compliance with that OFO order, this action on plaintiff's underlying discrimination claims would be foreclosed under § 1614.405. This regulatory scheme was upheld, in different circumstances, in Lindstrom v. United States, 510 F.3d 1191, 1195 (10th Cir. 2007) ("Congress has already indicated when and how it will permit suit" against it in Title VII claims against the federal government; "this statutory waiver does not expressly extend to...claims...against the government for breach of a settlement agreement that resolves a Title VII dispute"; "Congress, aided by the EEOC through regulation, has foreclosed [plaintiff's] suit to enforce his settlement agreement with the Department."). The court's interpretation of the statutory and regulatory scheme is also consistent with principles of contract law. Contract law prohibits a plaintiff from simultaneously benefitting from a settlement agreement and also litigating the underlying claims settled in such an agreement. Where a settlement has been agreed to, its terms ordered enforced, and there has been compliance with that order, an action to remedy the underlying claims would presumably be subject to defenses such as release and satisfaction.

Conclusion

After careful consideration, defendant's motion for summary judgment is **DENIED**.

This order leaves this action in the following status. The Department's answer to the complaint shall be **DUE** within twenty days of the date of this order. This action will then be set for a status/scheduling conference, likely in June, 2008. Meanwhile, the parties are, of course, free to proceed with discovery regarding the predicate issue identified in this order (whether the Department materially failed to comply with the OFO decision implementing the settlement agreement), as well as

other issues. As previously ordered, the court's conversion of the motion to dismiss to a motion for summary judgment does not preclude the Department from filing a motion for summary judgment at a later stage without leave of court. If this action proceeds to trial, it is likely that a special interrogatory to the jury will require the jury to find whether the Department complied with the OFO order. The court's preliminary thinking on this issue is that, absent a finding of non-compliance, this action must be dismissed. Nothing stated in this order is intended to constitute the law of the case with respect to the parties' respective burdens of proof on any claims or defenses.

Dated this 9th day of April, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0745p005(pub).wpd